Jeffrey M. Feldman [ABA 7605029]
Email: feldman@frozenlaw.com
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
Tel.: (907) 272-3538
Fax: (907) 274-081

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| CHRISTOPHER J. McINTYRE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BP EXPLORATION & PRODUCTION, INC., ) <br> BP AMERICA PRODUCTION COMPANY, ) <br> JOHN DOES 1-20, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 3:13-cv-_____ <br><br> On removal from the Superior Court for the State of Alaska, Third Judicial District at Anchorage <br> Case No. 3AN-13-08130CI |

**BP'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 and 43 U.S.C. § 1349, Defendants BP America Production Company and BP Exploration & Production, Inc. (collectively "BP") hereby give notice and remove this case to the United States District Court for the District of Alaska.

BP represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

**Background and Procedural Requirements**

1. BP is a defendant in the matter styled "*Christopher J. McIntyre v. BP Exploration & Production, Inc., BP America Production Company, John Does 1-20*," pending in the Superior Court for the State of Alaska, Third Judicial District at Anchorage and bearing Case No. 3AN-13-08130CI ("State Court Action").

2. Plaintiff filed his Complaint in the State Court Action on July 9, 2013.

3. BP was served with process in the State Court Action on July 12, 2013.

4. This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of the initial pleading setting forth the claims for relief and within thirty days of service of process as required by 28 U.S.C. § 1446(b), as computed pursuant to Fed. R. Civ. P. 6(a).

5. Pursuant to 28 U.S.C. § 1446(a), BP attaches as Exhibit A hereto a copy of all process, pleadings, and orders served on BP in the State Court Action.

**This Court Has Jurisdiction Because the Parties Are Diverse and the Amount in Controversy Exceeds $75,000.**

6. Defendants BP Exploration & Production, Inc. and BP America Production Company are both Delaware corporations with their principal place of business in Houston, TX.

7. Plaintiff is an Alaska citizen, Complaint ¶ 1, and seeks damages "in an amount in excess of $1,000,000.00 (one million dollars)," *id.* ¶¶ 27, 33.

8. The naming of "John Doe" defendants does not defeat diversity. Pursuant to 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

9. This Court therefore has original jurisdiction over the State Court Action under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441(a), (b).

**Original Federal Jurisdiction Exists Over the Petition Pursuant to OCSLA and the Federal Question Statute.**

10. The State Court Action is also subject to removal to this Court due to the fact that this lawsuit arises in connection with the *Deepwater Horizon*'s drilling operations occurring on the Outer Continental Shelf ("OCS" or "the Shelf"). Two jurisdictional consequences follow as a result: *First*, the State Court Action falls within the jurisdictional grant of the federal Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq*. *Second*, the OCS is a federal enclave, meaning that all cases arising from events on the Shelf arise under federal law.

11. Plaintiff's Complaint states that "[o]n or about April 20, 2010, the Macondo oil well located in the Gulf of Mexico exploded," causing an oil spill. Complaint ¶ 8. The Complaint asserts that, during the months that followed, BP solicited ideas from the public for "response technology to stop the flow of oil or contain the discharge of oil into the Gulf of Mexico." *Id.* ¶ 10. In response, Plaintiff allegedly "provided diagrams, designs, calculations, and other information that would allow

defendants to stop the discharge of oil into the Gulf of Mexico." *Id.* ¶ 12. Not only does Plaintiff maintain that he provided such information, he further asserts that BP used his ideas to "successfully stop[] the free discharge of oil into the Gulf of Mexico on or about July 15, 2010." *Id.* ¶ 15. Because BP allegedly did not pay him for these alleged contributions to stopping the flow of oil at the Macondo well, Plaintiff asserts that he is due compensation under either a contract or fraud theory of liability. *Id.* ¶¶ 24-27 (contract), 31-33 (fraud).

12. <u>OCSLA Jurisdiction</u>: This case is removable to this Court under the jurisdictional grant of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq*. OCSLA provides, in relevant part, that "district courts of the United States shall have jurisdiction of cases and controversies *arising out of, or in connection with* any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1)(A) (emphasis added).

13. OCSLA defines "minerals" to include "oil, gas, sulphur, geopressured-geothermal and associated resources." 43 U.S.C. § 1331(q). "Exploration" is the "process of searching for minerals, including . . . any drilling." 43 U.S.C. § 1331(k).

14. On April 20, 2010, the date the oil spill began, the *Deepwater Horizon* was in the Gulf of Mexico working at the Macondo well. The Fifth Circuit recently noted that the *Deepwater Horizon*'s purpose was to "drill the Macondo well, which is

located on the sea floor at Mississippi Canyon Block 252." *Center for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 418 (5th Cir. 2013). These operations were part of BP's "exploration and drilling operations in the Gulf of Mexico." *Id.* The Northern District of Florida reached a similar conclusion: "[w]hen it exploded, the *Deepwater Horizon* was operating on the outer continental shelf. Its operations were part of the exploration for, and intended development and production of, continental-shelf oil." *Phillips v. BP p.l.c.*, 2010 WL 3257737, at *1 (N.D. Fla. Aug. 17, 2010). Likewise, the Southern District of Texas has held that even lawsuits concerning securities filings that allegedly contained misrepresentations in connection with Shelf drilling activities fall within OCSLA's broad grant of federal jurisdiction. *See In re: BP p.l.c. Securities Litigation*, No. 4:10-md-2185, Memorandum & Order, Doc. 441 (S.D. Tex. filed Oct. 1, 2012).

15. The State Court Action thus "aris[es] out of" and "in connection with" a drilling operation on the Outer Continental Shelf. Plaintiff concedes as much in alleging that BP misappropriated his alleged intellectual property in order to cap the blown-out Macondo well on the floor of the Gulf of Mexico. Complaint ¶¶ 8, 12, 15. Stopping the flow of oil from Macondo is the only purpose for which Plaintiff asserts that BP solicited ideas from the public, *id.* ¶ 10, and the only purpose for which it allegedly used his proposals, *id.* ¶ 15. The *Deepwater Horizon*'s operations at the Macondo well were unquestionably related to oil exploration, and

that vessel is now sunk and resting on the seabed of the Outer Continental Shelf. As a result, this Court has original subject matter jurisdiction under 43 U.S.C. § 1349(b)(1)(A).

16. <u>Federal Question Jurisdiction</u>: This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 because the claims asserted arise in connection with federal statutes, namely, OCSLA, 43 U.S.C. § 1331 *et seq.* and the Oil Pollution Act, 33 U.S.C. § 2701 *et seq.*

17. A second reason to conclude that Plaintiff's claims arise under federal law is that claims involving federal enclaves like the outer Continental Shelf by their nature arise under federal law. *See, e.g., Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006). Federal-question claims ordinarily are subject to the well-pleaded complaint rule, but cases involving federal enclaves *unavoidably* involve federal and not state law, regardless of whether a plaintiff invokes federal law on the face of the complaint. Moreover, even if this were not true, OCSLA claims are not subject to the well-pleaded complaint rule, pursuant to Fifth Circuit precedent. *Amoco Production Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988) ("In determining federal court jurisdiction, we need not traverse the Serbonian Bog of the well pleaded complaint rule . . . because § 23 of OCSLA expressly invests jurisdiction in the United States District Courts.").

18. OCSLA not only provides that federal courts have original jurisdiction over all cases arising out of Shelf operations, it also directly specifies that federal law

governs as a substantive matter. *See* 43 U.S.C. § 1333(a)(1). Hence, federal question jurisdiction under 28 U.S.C. § 1331 inherently and unavoidably exists over claims that arise out of Shelf conduct without regard to claims made by plaintiffs that a source of law other than federal law, such as state or maritime law, controls. The Fifth Circuit recently held that OCSLA confers both original and removal jurisdiction, regardless of whether state or maritime law supplies the rule of decision. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 214 (5th Cir. 2013) ("The more difficult question in this appeal is whether federal, state, or maritime law provides the substantive rule of decision for Barker's OCSLA claim. . . . [T]he panel chooses not to decide this issue because the result is the same regardless of which law is applied.").

19. Plaintiff's claims "arise under" federal law for purposes of removal under 28 U.S.C. § 1441(c) because OCSLA establishes a federal enclave on the Shelf. Claims arising out of conduct within federal enclaves necessarily arise under federal law.

## Venue and Removal Under 28 U.S.C. §§ 1441(a)

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the United States District Court for the District of Alaska is the District in which the State Court Action was pending.

21. This matter is removable under 28 U.S.C. § 1441 as a civil action over which the United States District Court for the District of Alaska has original subject matter jurisdiction under 43 U.S.C. § 1349 and 28 U.S.C. §§ 1331, 1332.

22. Removal is timely, as this Notice is filed within 30 days of BP's receipt of the Complaint. *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.").

**Effectuation of Removal**

23. BP hereby removes this action to the United States District Court for the District of Alaska.

24. By filing this Notice of Removal, BP expressly consents to the removal. As a matter of law, it is not required to show consent to removal by fictitious "John Doe" defendants.

25. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers, including the Complaint, on file in the record of the State Court Action are attached as Exhibit A.

26. The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

27. Undersigned counsel certifies that a notice of filing removal, along with a copy of this Notice of Removal, will be promptly filed with the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

WHEREFORE, BP hereby removes this action to the United States District Court for the District of Alaska.

| | |
|---|---|
| DATED: August 2, 2013. | /s/ JEFFREY M. FELDMAN |
| | Jeffrey M. Feldman |
| | AK Bar No. 7605029 |
| | FELDMAN ORLANSKY & SANDERS |
| Of Counsel: | 500 L Street, Suite 400 |
| | Anchorage, AK 99501 |
| Richard C. Godfrey, P.C. | Telephone: (907) 272-3538 |
| J. Andrew Langan, P.C. | Facsimile: (907) 274-0819 |
| KIRKLAND & ELLIS LLP | feldman@frozenlaw.com |
| 300 North LaSalle | |
| Chicago, IL 60654 | *Attorneys for Defendants* |
| Telephone: (312) 862-2000 | *BP Exploration & Production, Inc. and* |
| Facsimile: (312) 862-2200 | *BP America Production Company* |
| richard.godfrey@kirkland.com | |
| andrew.langan@kirkland.com | |
| | |
| Jeffrey Bossert Clark | |
| Dominic E. Draye | |
| KIRKLAND & ELLIS LLP | |
| 655 Fifteenth Street, N.W. | |
| Washington, DC 20005 | |
| Telephone: (202) 879-5000 | |
| Facsimile: (202) 879-5200 | |
| jeffrey.clark@kirkland.com | |
| dominic.draye@kirkland.com | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of August, 2013, a copy of the foregoing document was served by mail on Christopher McIntyre.

s/ Jeffrey M. Feldman