IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

CHRISTOPHER J. McINTYRE, )
)
               Plaintiff, )
)
vs. )
)
BP EXPLORATION AND PRODUCTION, )
INC., BP AMERICA PRODUCTION )
COMPANY, JOHN DOES 1-20, )
)
               Defendants. )
_____) Case No. 3AN-13-8130 CI

## COMPLAINT

COMES NOW the plaintiff, CHRISTOPHER J. McINTYRE, pro se, and hereby states, claims, pleads, alleges and complains as his causes of action in the instant matter as follows:

### JURISDICTION and PARTIES

1. At all times relevant hereto, plaintiff Christopher McIntyre, was a resident of the State of Alaska, located within the Third Judicial District. Plaintiff Christopher McIntyre was the victim of the culpable negligence of the defendants herein insofar as he has suffered economic damages from breach of contract or implied contract and fraud pertaining to his ideas, designs, calculations and invention.

2. To the best of plaintiff's knowledge, information and belief, at all times relevant hereto, the Defendant, BP EXPLORATION AND

PRODUCTION COMPANY, INC. was and is a business entity doing business in and located in the Third Judicial District, State of Alaska and/or doing business in the United States of America and communicated with plaintiff and solicited proposals from plaintiff within the Third Judicial District of Alaska. By naming said defendant, plaintiff intends to sue all predecessors and successors in interest of said defendant, all subsidiaries, subdivisions, agents, and/or affiliated companies of said defendant, all holding companies of said defendant, and the predecessor and successors in interest of same for their culpable conduct complained of herein.

3. To the best of plaintiff's knowledge, information and belief, at all times relevant hereto, the Defendant, BP AMERICA PRODUCTION COMPANY was and is a company doing business in and located in the Third Judicial District, State of Alaska and/or doing business in the United States of America and communicated with plaintiff and solicited proposals from plaintiff within the Third Judicial District of Alaska. By naming said defendant, plaintiff intends to sue all predecessors and successors in interest of said defendant, all subsidiaries, subdivisions, agents, and/or affiliated companies of said defendant, all holding companies of said defendant, and the predecessor and successors in interest of same for their culpable conduct complained of herein.

4. Defendants, JOHN DOES 1-10, Individually and as Officers, Agents, Directors, and/or Employees and/or Independent Contractors of Defendants were director(s) and/or officer(s), and/or employed by and/or independently contracted by the defendants BP Exploration and Production, Inc. and BP America Production Company and are and/or were individuals doing business in the State of Alaska and/or doing business in the United States of America and were acting in the course and/or scope of their employment and/or agency at the time the plaintiff entered into a contract or implied contract with said defendants. Suit is brought as to said defendants under respondeat superior liability/vicarious liability. John Does 1-10 acted in a negligent and/or willfully reckless and/or willful and wanton manner so as to breach duties owed to plaintiff in a culpable fashion with reckless and willful disregard of the consequences and which breach was a proximate cause of and/or a substantial factor in causing plaintiff's damages.

5. Defendants, JOHN DOES 11-20 are corporations and/or business entities and/or partners who are and/or were entities doing business in the State of Alaska and/or doing business in the United States of America and were acting in the course and/or scope of their employment and/or agency at the time the plaintiff entered into a contract or implied contract with said defendants. Suit is brought as to said defendants under respondeat superior liability/vicarious liability. John Does 11-20 acted in a negligent

and/or willfully reckless and/or willful and wanton manner so as to breach duties owed to plaintiff in a culpable fashion with reckless and willful disregard of the consequences and which breach was a proximate cause of and/or a substantial factor in causing plaintiff's damages.

6. It is the intent and purpose of the filing and service of this Complaint to give notice to all culpable defendants, and to preserve plaintiff's right to obtain relief from same, and all named defendants are requested to notify all culpable defendants and parties.

7. BP Exploration and Production, Inc. and BP America Production Company and their parent and/or subsidiary in interest and/or predecessor and/or successor in interest and/or alter ego of said business entity and JOHN DOES 1-20 are collectively referred to herein as "Defendants."

## ALLEGATIONS

8. On or about April 20, 2010, the Macondo oil well located in the Gulf of Mexico exploded, causing the start of the worst oil spill in the history of the United States.

9. Defendants BP Exploration and Production, Inc. and BP America Production Company were directly in charge of and responsible for the well and the discharge of oil.

10. On or about May 4, 2010, through July 9, 2010, the defendants named herein, issued a request for proposals to the public soliciting

Complaint
McIntyre v. BP, et al., Case No. 3AN-13-_____ CI
Page 4 of 10
Case 3:13-cv-00149-RRB   Document 1-1   Filed 08/02/13   Page 4 of 14

Exhibit A

proposals from them for alternative response technology to stop the flow of oil or contain the discharge of oil into the Gulf of Mexico.

11. On or about May 11, 2010, from his home in the Third Judicial District of Alaska, plaintiff, Christopher McIntyre, responded to the solicitation for proposals, and in good faith of implied contract, provided a proposal for the capping of the well and by providing his own unique ideas as to the design for the required mechanical device for doing so.

12. From the time period of May 11, 2010, through July 15, 2010, plaintiff exchanged correspondence via email with defendants, and, at the request of defendants, and in good faith of implied contract, he provided diagrams, designs, calculations, and other information that would allow defendants to stop the discharge of oil into the Gulf of Mexico.

13. The ideas, diagrams, designs, calculations, and other information provided by plaintiff to defendants, were unique, and constituted his own intellectual property and his own invention.

14. Defendants stopped communications with plaintiff on or about July 15, 2010.

15. Defendants used plaintiff's ideas and designs to create a device that successfully stopped the free discharge of oil into the Gulf of Mexico on or about July 15, 2010.

16. Defendants have not paid anything to plaintiff for the use of his ideas and designs.

Complaint
McIntyre v. BP, et al., Case No. 3AN-13-_____ CI
Page 5 of 10
Case 3:13-cv-00149-RRB   Document 1-1   Filed 08/02/13   Page 5 of 14

Exhibit A

17. Defendants have not given any credit or recognition to plaintiff for the use of his ideas and designs.

18. The ideas, designs, calculations, and invention of plaintiff were of immense monetary value in allowing defendants to stop the flow of oil into the Gulf of Mexico.

19. Defendants have now shared plaintiff's ideas, designs, calculations and invention with other oilfield companies and said inventions and intellectual property of plaintiff is now being implemented and used throughout the oil industry.

20. Defendants' acts or omissions are a breach of contract or implied contract, and are actionable.

## COUNT I
## BREACH OF CONTRACT or of IMPLIED CONTRACT

21. Plaintiff hereby realleges and incorporates by reference all the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22. On or about May 11, 2010, a contract or an implied contract was entered into between plaintiff and defendants, whereby plaintiff provided his ideas, designs, calculations and invention ("proposals") to defendants, and if the proposals of plaintiff were to be utilized, defendants in turn were to pay plaintiff an appropriate and reasonable amount commensurate with the benefit they provided to defendants.

23. On or about May 11, 2010, a contract or implied contract was entered into between plaintiff and defendants, whereby plaintiff provided his ideas, designs, calculations and invention ("proposals") to defendants, and in exchange, defendants were to keep the information in a confidential manner so as not to share said information with other entities in the oil industry.

24. Defendants breached the contract or implied contract with plaintiff by utilizing his proposals without paying anything to plaintiff for their use.

25. Defendants breached the contract or implied contract with plaintiff by sharing plaintiff's proposals with other entities in the oil industry.

26. Violation of other duties and/or culpable acts and/or omissions will be revealed through discovery and this Complaint will be amended accordingly.

27. As a direct and proximate result of the breach of the contract and/or implied contract by defendants, and each of them, caused substantial financial and economic harm to plaintiff, in an amount in excess of $1,000,000.00 (one million dollars) and plaintiff is entitled to an award against each of defendants jointly and severally for all actual compensatory damages and for an award of punitive damages as pled herein as to each of the defendants in an appropriate amount.

Complaint
McIntyre v. BP, et al., Case No. 3AN-13-____ CI
Page 7 of 10
Case 3:13-cv-00149-RRB   Document 1-1   Filed 08/02/13   Page 7 of 14

Exhibit A

## COUNT II
## FRAUD AND PUNITIVE DAMAGES

28. Plaintiff hereby realleges and incorporates by reference all the allegations contained above.

29. At various times prior to July 15, 2010, defendants informed plaintiff that they would not be able to utilize plaintiff's proposals.

30. After telling plaintiff that they would not be able to use his proposals, defendants then proceeded to use the proposals, and with said proposals, succeeded in stopping the oil spill.

31. Defendants claimed plaintiff's proposals as their own, and hid the fact that it was plaintiff's proposal that successfully stopped the oil spill.

32. Defendants' wrongful conduct was done with the intent to deceive plaintiff and to avoid paying plaintiff for his proposals and to take credit for the proposals within the industry and before government officials.

33. The wrongful and fraudulent actions of defendants deprived plaintiff of substantial payments, and additional sales within the oil industry, causing him damage in an amount in excess of $1,000,000.00 (one million dollars).

34. Defendants acted intentionally and/or recklessly with extreme disregard for the welfare of plaintiff.

35. Upon a finding that defendants and each of them acted intentionally and/or recklessly in connection with the proposals of

plaintiff, defendants, and each of them, should be held liable for all damages they have caused to plaintiff and for punitive damages, with due regard for the net worth of the defendants, the economic benefit from the activity, the culpable nature of the conduct, the potential and actual consequences, and the applicable provisions of the law, in an amount to be determined by the trier of fact.

## COUNT III
## COMMON LAW AND STATUTORY CAUSES OF ACTION

36. Plaintiff hereby realleges and incorporates by reference all the allegations contained above and further alleges as follows:

37. It is the intent of the plaintiff, by filing this complaint, to assert and preserve all applicable causes of action at common law, or under the statutes of the State of Alaska, against all culpable parties and defendants, arising from the facts and circumstances set out in this complaint, and to preserve his rights in light of any applicable statute of limitations and to give notice to all such culpable parties, and if need be, an amended complaint, or amended complaints, will be filed with due diligence to effectuate same.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for a judgment of relief against defendants, and each of them, as follows:

1) For monetary damages, the exact amount to be proven at trial;

2) For special damages according to proof at trial;

3) In the event that the jury concludes that any defendant is guilty of fraud and/or having acted intentionally and/or with reckless indifference to the rights of plaintiff, for an award of punitive damages in accordance with proof at trial;

4) For costs, interest, and attorney's fees; and

5) For such other further relief as the Court may deem equitable and just.

DATED this 9th day of July, 2013, in Eagle River, Alaska.

_____
Christopher McIntyre, Plaintiff
19978 Tulwar Drive
Chugiak, AK 99567
(907) 688-0181

Complaint
McIntyre v. BP, et al., Case No. 3AN-13-____ CI
Page **10** of **10**

Case 3:13-cv-00149-RRB   Document 1-1   Filed 08/02/13   Page 10 of 14

Exhibit A

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

CHRISTOPHER J. McINTYRE, )
)
        Plaintiff, )
)
vs. )
)
BP EXPLORATION AND PRODUCTION, )
INC., BP AMERICA PRODUCTION )
COMPANY, JOHN DOES 1-20, )
)
        Defendants. )
_____) Case No. 3AN-13-8130 CI

## DEMAND FOR JURY TRIAL

The above-named Plaintiff hereby demands a jury trial on all issues so triable in this matter.

DATED this 9th day of July, 2013, at Eagle River, Alaska.

_____
Christopher McIntyre, Plaintiff
19978 Tulwar Drive
Chugiak, AK 99567
(907) 688-0181

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

CHRISTOPHER McINTYRE
                    Plaintiff(s),
vs.

BP EXPLORATION AND PRODUCTION, INC.,
BP AMERICA PRODUCTION COMPANY,
and JOHN DOES 1-20
                    Defendant(s).

CASE NO. 3AN-13-8130 CI

SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: BP AMERICA PRODUCTION COMPANY  AGENT: CT CORPORATION SYSTEM
AND JOHN DOES 1-20                                   9360 GLACIER HWY STE 202
                                                      JUNEAU ALASKA 99801

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) CHRISTOPHER McINTYRE, whose address is: 19978 TULWAR DRIVE
CHUGIAK, ALASKA 99567.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge __Easter__
   and Master _____.

☐ This case has been assigned to District Court Judge _____.

CLERK OF COURT

July 9, 2013
Date

By: KKrah
     Deputy Clerk

I certify that on 7/9/13 a copy of this Summons was ☐ mailed ☒ given to
☒ plaintiff ☐ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk __KK__

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

Exhibit A

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

CHRISTOPHER MCINTYRE )
                     Plaintiff(s), )
vs.                              )
                                 )
BP EXPLORATION AND PRODUCTION, INC.) CASE NO. 3AN-13-08130 CI
BP AMERICA PRODUCTION COMPANY )
and JOHN DOES 1-20               )
                     Defendant(s). )  SUMMONS AND
                                 )    NOTICE TO BOTH PARTIES
                                 )    OF JUDICIAL ASSIGNMENT

To Defendant: BP Exploration and Production, Inc. Agent: CT Corporation System
and John Does 1-20                              9360 Glacier Hwy, Ste 202
                                                Juneau, AK 99801

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) CHRISTOPHER MCINTYRE, whose address is: 19978 Tulwar Drive, Chugiak, AK 99567.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge EASTER
   and Master _____.

☐ This case has been assigned to District Court Judge _____.

CLERK OF COURT

July 9, 2013                By: KKrau
    Date                          Deputy Clerk

I certify that on 7/9/13 a copy of this Summons was ☐ mailed ☒ given to
☒ plaintiff ☐ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk KK

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (6/10)(st.3)
SUMMONS

Case 3:13-cv-00149-RRB   Document 1-1   Filed 08/02/13   Page 13 of 14

Civil Rules 4, 5, 12, 42(c), 55

Exhibit A



**Wolters Kluwer**
Corporate Legal Services

**CT Corporation**

9360 Glacier Highway
Suite 202
Juneau, AK 99801

800 592 9033 toll free
www.ctcorporation.com



July 12, 2013

Christopher McIntyre
19978 Tulwar Drive,
Chugiak, AK  99567

Re:  Christopher J. Mcintyre, Pltf. vs. BP Exploration and Production, Inc., et al., Dfts.

Case No.  3AN1308130CI

Dear Sir/Madam:

We are herewith returning the enclosed documents which we received regarding the above captioned matter.

BP Exploration and Production, Inc. is not listed on our records or on the records of the State of AK.

Very truly yours,


C T Corporation System

Log# 523101593

Sent By Regular Mail

cc:  Anchorage County District Court
    825 W. 4th Ave.,
    Anchorage, AK  99501-2004
**(Returned To)**

Christopher McIntyre
19978 Tulwar Drive,
Chugiak, AK  99567